## DORNAN v. KEEFER.[1]

*(Circuit Court, E. D. Pennsylvania. January 29, 1892.)*

PATENTS—SECRET INVENTIONS—DISCLOSURE.
  Methods other than those stated in his specification of carrying an invention into
  effect are not secret inventions, such as will be protected from disclosure under
  Rev. St. § 4908, and interrogatories directed to disclose such methods must be an-
  swered by a patentee when relevant to the matter in controversy.

Motion to compel a patentee called as witness to answer interrogatories. Interference proceedings in United States patent-office between T. B. Dornan and William B. Keefer, the latter being the patentee of letters patent No. 443,095 for ingrain carpet fabric. Keefer had declined to describe other than by reference to his patent the method of weaving employed to produce a fabric offered in evidence as part of the proof of date of Keefer's invention. Motion granted.

*Henry D. Williams* and *Witter & Kenyon,* for the motion.

*A. B. Stoughton,* opposed.

BUTLER, District Judge. The court's jurisdiction is admitted by counsel; and that subject need not therefore be considered. The witness declines to answer on the ground that the questions propounded are not proper cross-examination, are irrelevant to the subject in controversy, and that they seek the disclosure of a secret discovery or invention—such as is protected by section 4908 of the Revised Statutes. Neither ground can be sustained. I need not discuss the subject. It is sufficient to say that the interrogatories seem to arise out of the examination in chief; and the information sought appears to be connected with the subject in controversy. The courts do not refuse their aid to compel answers on the ground of irrelevancy except where the answers are clearly impertinent or immaterial; it cannot be known in advance of trial whether a particular matter which seems to have even a remote connection with the general subject involved, will be relevant or not. It seems clear that the witness is not entitled to the protection of section 4908. If he has a secret which is likely to be disclosed by the inquiry, it is one involved in his patented discovery; and which he has no right, therefore, to withhold from the public. In applying for the patent it was his duty to disclose the most available method known to him of carrying the discovery into effect—in other words, of manufacturing his new fabric. This information, which may be used by others after his patent has expired, is an important part of the compensation which the public obtains for the temporary monopoly granted him. If he could withhold it, disclosing an inferior method simply, which he does not employ, the discovery would never become available public property, as the patent laws contemplate it shall. He would have a monopoly after his patent had expired, which would continue so long as he could

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

conceal this material part of his discovery. I do not say that such disclosure was essential to the validity of his patent, (that question is not before me,) but that the information withheld does not constitute such a secret as the section, or equity, protects. See 1 Rob. Pat. p. 63; 2 Rob. Pat. pp. 75, 76; *Carr* v. *Rice*, 1 Fish. Pat. Cas. 201; *Johnson* v. *Root*, 2 Fish. Pat. Cas. 301. The usual order requiring the witness to answer may be prepared.