## CARSON INV. CO. v. ANACONDA COPPER MINING CO.

(District Court, D. Montana. September 10, 1926.)

No. 229.

1. **Patents** ⬡⟶312(2)—**Certificate by court that abandoned application for patent is probably material and competent in patent infringement suit will be denied, remedy for commissioner's refusal to furnish copies being by mandamus. (Rev. St. § 892 [Comp. St. § 1505]).**

Motion for certificate by court that abandoned application for patent is probably material and competent in patent infringement suit, because without it Commissioner will refuse to furnish copies thereof under "rule as to secrecy of applications," will be denied, remedy for commissioner's refusal to furnish copies being by mandamus, under Rev. St. § 892 (Comp. St. § 1505).

2. **Patents** ⬡⟶97.

Commissioner's refusal, under rule of secrecy, to furnish copies of abandoned application for patent, *held* unwarranted.

In Equity. Suit by the Carson Investment Company against the Anaconda Copper

Mining Company. On defendant's motion for a certificate that an abandoned application in the Patent Office probably is material and competent. Motion denied.

Kremer, Sanders & Kremer, of Butte, Mont., and John H. Miller, of San Francisco, Cal., for plaintiff.

L. O. Evans, Dr. Gay Stivers, and John A. Groeneveld, all of Butte, Mont., and Jones, Addington, Ames & Seibold, of Chicago, Ill., for defendant.

BOURQUIN, District Judge. [1] In this infringement suit, defendant moves for a "certificate" that a certain abandoned application in the Patent Office probably is material and competent herein, and it advances that by reason of said certificate the commissioner may graciously furnish copies which otherwise defendant cannot secure. It seems that defendant's request for copies was denied by the commissioner, for that amongst other reasons no like certificate was presented by defendant, and because of the "rule as to secrecy of applications."

In behalf of society, in administration of justice, courts function by orders and process, with power to enforce, if not obeyed, and not at all by more or less timorous requests, in the form of impotent certificates, which may be flouted and ignored with impunity. The latter are wholly incompatible with proper dignity of and due respect for judicial tribunals. Within their powers, courts will order the production of evidence, but will not solicit it. And if there is any "common law or custom," as defendant maintains, for courts to amiably issue such certificates, better it be more honored in the breach than in the observance, and it is repealed so far as this court is concerned. Moreover, defendant has other recourse, and as certain as the certificate is uncertain.

[2] Said application is of those papers and records of the Patent Office of which copies can be demanded and secured of right, by virtue of the mandate of section 892, R. S. (Comp. St. § 1505). The "rule of secrecy," to which the Commissioner refers, is his own creation, is inconsistent with the statutory rule of section 892, supra, was inconsistent with the like rule of section 4902, R. S., now repealed, and so is unwarranted and invalid—another too common effort to magnify executive power. See Boyden v. Burke, 14 How. 582, 14 L. Ed. 548; Edison etc., Co. v. United States Electric Lighting Co. (C. C.) 44 F. 294; Dorman v. Keefer (C. C.) 49 F. 462.

To defeat the abuse and to secure the copies, mandamus may be had. See Pollok v. Hall, 7 Mackey, 14, 1 L. R. A. 738. True, mandamus was refused in respect to a pending application, but on indefensible reasoning, and in conflict with and disregard of Boyden v. Burke, supra. See U. S. v. Commissioner, 8 Mackey, 223. To yield to it would encourage many of multitudinous executive bureaus to successfully refuse copies of records and defy orderly process, on the pretense that mysterious and sacrosanct "secrets of state" are involved. The administration of justice cannot thus be thwarted.

A like certificate was refused by Judge Lacombe, though he at least amiably consented to something similar, as a concession to the Commissioner's power to delay. See MacWilliam v. Conn. Web Co. (C. C.) 119 F. 509.

Motion denied.