### Ex parte JEW YOU ON.

(District Court, N. D. California, S. D. November 24, 1926.)

No. 19133.

**1. Habeas corpus ☞54—Petition for discharge of Chinese person sought to be deported held insufficient.**

Petition for habeas corpus for discharge of Chinese person sought to be deported, alleging that petitioner is native of United States, that immigrant is his legitimate son, that he was denied fair hearing by immigration officers, and that under rules of Secretary of Labor petitioner was not permitted to make copy of evidence, verified by counsel except as to matters on information and belief, *held* insufficient.

**2. Aliens ☞32(13)—Immigration officers are exclusive judges of credibility of witnesses and weight of testimony, and findings are not to be disturbed.**

Immigration officers, like other triers of facts, are exclusive judges of credibility of witnesses and weight to be given their testimony, and it is their duty to decide in respect thereto on consideration of all circumstances, and their honest judgment cannot be disturbed by courts.

**3. Aliens ☞32(13)—On review of immigration officers' determination, question is whether judgment of exclusion is supported by law in view of facts found.**

On review of determination of immigration officers, question is whether judgment of exclusion is supported by law, in view of facts as found by them, and not whether there is substantial evidence to support judgment.

**4. Aliens ☞32(5)—Burden of proving that Chinese seeking admission is son of citizen is on proponent.**

Burden of proving that Chinese person seeking admission to United States is son of Chinese American citizen is on proponent.

**5. Habeas corpus ☞55—Failure to accompany habeas corpus petition in deportation proceedings with evidence held not excused by immigration officers' refusal to permit inspection or copy thereof.**

Failure to accompany petition for habeas corpus on behalf of Chinese person sought to be deported by evidence at hearing *held* not excused by immigration officers' refusal to permit inspection or copy thereof under rules of department, since officers have no authority to affect practice and rules of court, and in view of statutory power to secure copies of documents filed in any Federal office.

**6. Aliens ☞32(9)—Any mere arbitrariness by immigration authorities might afford evidence of bias affecting their judgment of exclusion.**

Any mere arbitrariness of immigration authorities in deportation proceedings might in proper case afford evidence of bias and prejudice affecting their judgment of exclusion.

Habeas Corpus. Petition to procure release and admission to the United States of Jew You On. Petition denied.

Russell P. Tyler, of San Francisco, Cal., for petitioner.

Richard M. Lyman, Jr., of San Francisco, Cal., Asst. U. S. Atty., for respondent.

BOURQUIN, District Judge. This is the usual petition for habeas corpus to procure release and admission of a Chinese person into this country. It purports to be by the father of the would-be immigrant, and amongst other things alleges positively that the father is native to this country; that the immigrant is his legitimate son; that by the immigration officers he was "denied a fair hearing"; that they denied admission because of "certain alleged discrepancies in the testimony," and by reason of their "prejudice" and "abuse of discretion"; that the evidence "proves conclusively and without contradiction that the detained person is the son of your petitioner"; that he is informed and believes all the evidence is with the Secretary of Labor, and petitioner is not permitted to make a copy "under the rules of said Secretary"; that by reason thereof no copy accompanies the petition; and this petition is verified by counsel that it "is true of his own knowledge, except as to matters which are stated on information and belief." Although the petition is manifestly insufficient, admits the evidence was in conflict before the immigration officers, mere conclusions instead of facts, affording no basis, as it should, for a charge of perjury, if false (Yabucanin's Case [D. C.] 199 F. 366, and citations), the usual "rush" order and injunction on the eve of deportation were sought and procured.

[1] By way of return the respondent demurs to the petition, and at the same time dumps before the court an accumulation of papers in larger part immaterial as the record and evidence before the immigration officers, to constitute the evidence in these proceedings in case the demurrer be overruled; this, by agreement between the parties, and an effective method to at least shift

from counsel the labor of winnowing wheat from chaff. The demurrer is sustained. The petition is wholly insufficient to warrant the order or injunction, is one example of too common abuse of extraordinary remedies made ordinary, affords no justification for such judicial interference with executive action, interference by one department of the government with the functions of a co-ordinate department.

[2, 3] Its theory (and of an excessive number of the like) is that, at any time any person swears he is an American citizen, that sometime, somewhere in the depths of China, he procreated one to six or more sons (sons, always sons), and that the would-be immigrant is one of them, the immigration officers are bound to believe him, and to admit the Chinese he claims to thus have fathered; that is to say, the immigration officers must accept evidence their reason rejects, must credit what their intelligence discredits, and must believe what their judgment disbelieves. This theory is wholly untenable. Immigration officers, like any other triers of facts, are exclusive judges of the credibility of witnesses before them and of the weight to be given to their testimony, and their like duty is to decide in respect thereto upon consideration of all circumstances that are of account to that end. And their honest judgment thereon no court is vested with authority to coerce, review, or overthrow. The question is not, Is there substantial evidence to support the judgment of exclusion? but is only, Is the said judgment supported by law, in view of the facts as the immigration officers find them? Only act of Congress can provide otherwise. Not always has this been perceived by judicial tribunals, and in consequence has been much judicial invasion of executive domain.

In endeavor to avoid the usurpation, the immigration authorities have invented a more or less absurd rule of "discrepancies." That is, by examination of immigrant and witnesses to develop contradictions, often collateral and trivial in character, and by reason of these to justify that which needs none—their disbelief of the immigrant's witnesses before them. And the courts have gravely sanctioned this strategy, until it is not too much to say some of the immigration authorities' judgments have been judicially approved only because witnesses disagreed in respect to number and color of geese ponds, turns of the road, or the constituents of meals together, or like frivolous conflicts. The true rule is of recent application by Judge Gilbert in Low Cho Oy Case

(C. C. A.) 15 F.(2d) 692 (November 22, 1926), wherein admission was decreed, for that the immigration officers' denial "was based wholly upon a legal conclusion drawn from established facts," which conclusion was error in law.

[4] It is argued that, if the bare oath of two or three Chinese or other persons is not accepted, Chinese American citizens procreated in China will be barred from this country of their father's nativity. The answer is the responsibility is not the immigration officers' nor the court's. Like any case, the burden is the proponent's to prove it. Perhaps not unfamiliar registry systems might be adopted. Otherwise, this country is helpless, the exclusion policy futile, and the Chinese admitted will be limited solely by the extent there is courage to take advantage of opportunity.

[5, 6] In respect to failure to accompany the petition with a copy of the material part of the evidence before the immigration officers, the excuse is that the said officers refuse to permit inspection or copy. It is true there are some restrictions (not as extensive as alleged) by the officers, and not altogether warranted, but they are without authority to affect the practice and rules of the courts. Moreover, there is ample statutory power to secure copies of any document filed in any federal office. See Carson, etc., Co. v. Anaconda, etc., Co. (D. C.) 14 F.(2d) 559. And any mere arbitrariness by the immigration authorities in a proper case might afford evidence of bias and prejudice affecting their judgment of exclusion. It is at least worthy of note that the record aforesaid does not disclose that counsel testified to the facts to which in this petition he unhesitatingly made solemn oath.

Petition denied.